IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER JONES,

     Plaintiff,

v.

BEDROCK CAPITAL GROUP,
INC.; JOHN DOES 1–8; JAMYE
ALLEN; and RICHARD J.
RANDOLPH, III,

     Defendants.

CIVIL ACTION NO.
1:21-cv-04434-ELR-RDC

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*.  On October 25, 2021, Plaintiff, proceeding *pro se*, initiated this employment-discrimination action.  (Doc. 1).  The undersigned ordered Plaintiff to complete service of process on December 31, 2021 and January 31, 2022 and warned Plaintiff that failure to comply and file proof of service "shall result in a recommendation that the Court dismiss this action without prejudice," pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.3(A)(2).  (*Id.*).  (Docs. 12, 13).  A review of the docket indicates that Plaintiff has either failed to do so or failed to file a proof of service with this Court.  *See* Fed. R. Civ. P. 4(l)(1), (m).

Moreover, several filings that were sent to Plaintiff have been returned as undeliverable. (*See* Docs. 14–18). Plaintiff was cautioned that failure to keep the Court advised of his current address "shall constitute grounds for dismissal without prejudice or entry of a judgment by default." (*See* Doc. 4 at 3 (quoting LR 83.1D(3)); Doc. 12 ("Every *pro se* party is further **REQUIRED** to keep the Court advised of his or her current mailing address at all times during pendency of the case.")).

District courts have broad authority to manage their dockets "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). To that end, Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). Moreover, Local Rule 41.3(A)(2) provides that the Court may dismiss a civil case for want of prosecution if "[a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the Court." LR 41.3(A)(2), N.D.Ga.; *see also* Fed. R. Civ. P. 41(b). The undersigned recognizes that Plaintiff is without counsel; nevertheless, even *pro se* litigants must comply with procedural rules and court orders. *See, e.g., Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Accordingly, pursuant to Rule 4(m) and Local Rules 41.3(A)(2) and 83.1D(3), the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

IT IS SO **ORDERED** on this 22nd day of February 2022.

REGINA D. CANNON
United States Magistrate Judge